WILLIAM A. SUTHERLAND, Appellant, v. THE CITY OF ROCHESTER, Respondent.

ROCHESTER (CITY OF) — CORPORATION COUNSEL ENTITLED TO COSTS TAXED IN JUDGMENT OF FORECLOSURE OBTAINED BY CITY, ALTHOUGH PROPERTY WAS BID IN BY CITY FOR LESS THAN JUDGMENT. Under the charter of the city of Rochester (L. 1898, ch. 182, §§ 414, 418) which provides that "in actions and proceedings in which the city shall be successful," the corporation counsel may "receive to his own use all costs and allowances which shall be collected from the adverse party," the corporation counsel is entitled to the taxable costs fixed by the judgment in an action brought by the city to foreclose tax liens upon certain real estate, although the property was bid in by the city for less than its judgment, where the amount of its bid was greater than that bid by other responsible persons, and the city has received a deed and become the owner of the property; under such circumstances the amount of plaintiff's taxable costs must be regarded as having been collected from the adverse party.

Sutherland v. City of Rochester, 112 App. Div. 712, reversed.

(Argued June 4, 1907; decided October 1, 1907.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 2, 1906, in favor of defendant upon the submission of a controversy under the provisions of section 1279 of the Code of Civil Procedure.

The nature of the controversy and the facts, so far as material, are stated in the opinion.

*James S. Havens* for appellant. · The city was successful
in the action brought to foreclose the tax liens involved in the
action in question. (*Matter of Veith*, 165 N. Y. 204; *City
of Rochester* v. *Bloss*, 185 N. Y. 42; *Butts* v. *City of
Rochester*, 1 Hun, 598; *Matter of Elsner*, 86 App. Div.
207; *City of Rochester* v. *F. W. Assn.*, 183 N. Y. 30; *City
of Rochester* v. *R. R. Co.*, 187 N. Y. 216.) The costs of the
corporation counsel amounting to eighty-nine dollars included
in the judgment in the foreclosure suit were collected from
·the adverse party. (*City of Rochester* v. *R. R. Co.*, 187
N. Y. 216.) The city by bidding in the property and retain-
ing the title thereto, appropriated the costs to its own use and
became immediately liable to this plaintiff as in debt for the
amount of the costs. (*Zunath* v. *Bremer*, 53 App. Div. 271;
*Skinner* v. *Busse*, 38 Misc. Rep. 265; *Flanney* v. *Geiger*,
46 Misc. Rep. 619; *Byxbie* v. *Wood*, 24 N. Y. 607; *Fairbanks*
v. *Sargent*, 104 N. Y. 108.)

*William W. Webb, Corporation Counsel (John M. Stull* of
counsel), for respondent. The city was not successful in the
Brown action within the fair intent and meaning of that word
as used in section 418 of the White Charter (L. 1898, ch.
182, § 418). Costs were· not "collected from the adverse
party" in the Brown action within the fair intent and mean-
ing of section 418 of the White Charter (L. 1898, ch. 182,
§ 418). The construction of the statute contended for by the
appellant is unreasonable. (*Hayden* v. *Pierce*, 144 N. Y.
512; *O'Grady* v. *N. Y. L. S. Ins. Co.*, 16 App. Div. 567;
*People* v. *Lambier*, 5 Den. 9.) No personal judgment against
the owners of the property for any of the taxes due the city
was requested or obtained in the Brown case, and the record
does not disclose any personal liability on the part of such
owners for any part of such taxes. (*Matter of Veith*, 165
N. Y. 204; *Haight* v. *Mayor, etc.*, 99 N. Y. 280.)

HAIGHT, J. The plaintiff, as corporation counsel of the city
of Rochester, pursuant to a resolution of the common council,

brought an action in behalf of the city against Alida R. W.
Brown and others, for the foreclosure of certain tax liens
held by the city against certain lands known as the Warner
property, amounting, with accumulated interest, to the sum
of $42,987.41. Such action resulted in a judgment in favor
of the city, in which a sale of the premises was directed to
be made by a referee appointed by the court, and out of the
moneys arising from such sale, after deducting the amount of
his fees and expenses, the referee was directed to pay William
A. Sutherland, the plaintiff's attorney, the sum of $125.18
adjudged to the plaintiff for costs and charges in the action,
with interest thereon. Upon the sale of the premises they
were bid in by the city for the sum of $17,150.00, other
responsible persons having bid $17,000.00. The city there-
upon paid to the plaintiff, out of the $125.18 directed to be
paid by the judgment, his taxable disbursements in the action,
retaining the sum of $89.00, being the amount of his taxable
fees under the provisions of the Code of Civil Procedure.
The question presented for consideration pertains to the right
of the city to retain this item.

The provisions of the charter of the city of Rochester
(Laws of 1898, chapter 182), so far as material upon the ques-
tion under consideration, provide as follows : " Section 414.
The salaries of the corporation counsel, his assistant, clerk
and other subordinates shall be fixed by the board of esti-
mate and apportionment and they shall receive no fees or
other compensation of any kind whatever, except that the
corporation counsel may receive to his own use the costs of
suits, as hereinafter provided." " Section 418. He shall be
entitled in actions and proceedings in which the city shall be
successful to receive to his own use all costs and allowances
which shall be collected from the adverse party." These
provisions are so clear and specific that they admit of no room
for doubt with reference to their meaning. The only ques-
tion that can be raised with reference thereto is as to whether
the plaintiff has conformed to their requirements. As to
that, it appears, as we have seen, that he commenced the

action pursuant to a resolution of the common council and recovered a judgment for the full amount of the city's claim, with interest, together with his taxable costs and disbursements, in which it is provided that the real estate of the defendant be sold by a referee appointed by the court, and out of the proceeds of such sale, after the payment of the referee's fees and disbursements, the plaintiff should first be paid his taxable costs. But the Appellate Division appears to have entertained the view that he had not collected his costs from the adverse party, and that the city was entitled to have its full judgment collected and paid to it before the plaintiff was entitled to be paid his taxable costs. We think this conclusion ought not to prevail. Under the very terms of the judgment entered, as we have seen, the plaintiff, as the attorney for the city, was to be paid his taxable costs out of the proceeds of the sale before that of the city. Here we have an adjudication in that action fixing the order of the payment, which is not open for review in this action. As to the other question, we are equally clear that the amount of the plaintiff's taxable costs has been collected from the adverse party. The adverse party's real estate has been sold; $17,000 was bid therefor by other responsible persons, but the officers of the city evidently thought it was worth more and bid a higher sum therefor and thereby procured the property to be sold to the city. It has received a deed and is now the owner. It has, therefore, received the amount of its bid, $17,150.00, which it has applied upon its judgment against the adverse party. It is true that the city did not receive this amount in cash, but it has received the amount in other property the equivalent of money.

We are, therefore, of the opinion that the judgment should be reversed, and that judgment should be ordered for the plaintiff for the amount claimed in the submission of the controversy, with costs in both courts.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, VANN, WILLARD BARTLETT and HISCOCK, JJ., concur.

Judgment accordingly.